UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:



ELTON BARRIOS,
    Plaintiff,

vs.

COMPLAINT
DEMAND FOR JURY TRIAL

BEST BUY CO., INC.,
    Defendant.
_____/

## INTRODUCTION

1. This is an action by Plaintiff, ELTON BARRIOS, under Title VII of the Civil Rights Act of 1978 and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress injury done to him by the Defendant, BEST BUY CO., INC's discriminatory treatment on the basis of his religion.

2. On May 06, 2002, Plaintiff filed a complaint alleging discrimination on the basis of his religion to the Equal Employment Opportunity Commission (EEOC). (See attached Exhibit "A"). This complaint was accepted for filing with EEOC.

3. On April 29, 2004, the EEOC issued "Notice of Dismissal" letters to Plaintiff (See attached composite Exhibit "B") and suit was instituted within ninety (90) days of receipt of the letter.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1343, 1367, and 42 U.S.C. Section 2000 (e)-5(f). This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section

1



2000 (e), et. Seq., and the Civil Rights Act of 1991, 42 U.S.C. section 1981 (a), and the Florida Civil Rights Act of 1992, Florida Statute Section 760.

5. The employment practices hereafter alleged to be unlawful were committed in Broward County, within the jurisdiction of the Southern District of Florida.

## PARTIES

6. At all relevant times, Defendant is a foreign profit corporation doing business in the State of Florida, Miami-Dade County, located at 8450 S. Dixie Highway, Miami, FL 33143, which affects interstate commerce, who at all material times relevant hereto had 15 or more employees for each working day in each of 20 or more calendar weeks at all relevant times.

7. The Plaintiff is a citizen of the United States and a resident of Miami-Dade County Florida, who was employed by Defendant and is a member of certain protected classes of persons.

8. Plaintiff was employed by Defendant from January 01, 2001 through June 01, 2002.

## FACTS

9. On or about January 01, 2001, Plaintiff began his employment with Defendant having duties as a retail sales associate.

10. Throughout his employment with Defendant, Plaintiff performed his duties in an exemplary fashion.

11. On January 21, 2002, Defendant discriminated against and/or terminated Plaintiff because Plaintiff is an Atheist.

2

12. All conditions precedent to this action has been fulfilled. The Charges of discrimination were filed with the EEOC and also with the Florida Commission on Human Relations within 300 days of the alleged violation (see attached "A" and "B") and over (6) months have passed since filing of the complaints.

## COUNT I: VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964

COMES NOW, Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-12 of this initial complaint and states:

13. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

14. The discrimination and termination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's religious beliefs.

15. Defendant's decision to fire Plaintiff was because of Plaintiff's religious beliefs.

3

16. At all relevant times aforementioned, including the time of termination, Defendant was aware that Plaintiff was an Atheist.

17. At the time of this treatment and termination from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

18. The Plaintiff was qualified for the position apart from his religious beliefs.

19. The Plaintiff was discriminated against and was fired by his manager because he was an Atheist.

20. The fact that Plaintiff was an Atheist was the motivating factor in the selection of Plaintiff for discharge, as the Defendant was looking to staff its positions with someone not Atheist.

21. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

22. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

23. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his religious beliefs in violation of Act with respect to its decision to treat Plaintiff different and finally discharge Plaintiff from employment.

24. The Plaintiff's termination from employment of Plaintiff by Defendant was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was an Atheist, in violation of the Act.

25. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

26. Any alleged nondiscriminatory reason for termination of Plaintiff asserted by Defendant is a mere pretext for the actual reason for termination, Plaintiff's religious beliefs.

27. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their religious beliefs. The discrimination on the basis of religious belief constitutes unlawful discrimination.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religious beliefs.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from being terminated due to his religious beliefs.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

5

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable as of right by a jury.

## COUNT II: VIOLATION OF TH FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760:

COMES NOW, Plaintiff pursuant to Florida Statute Section 760 sues Defendant and re-alleges the facts as set forth herein paragraphs 1-27 of this initial complaint and states:

28. At all times material hereto, the Employer/Defendant failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states "It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

29. The discrimination and termination of Plaintiff by Defendant was on the basis of Plaintiff being an Atheist.

30. At all relevant times aforementioned, including the time of termination of Plaintiff, Defendant, was aware that Plaintiff was an Atheist.

31. At the time of cutting his hours of employment and termination from employment the Plaintiff did perform and excel at the performance of the essential functions of his position.

32. The Plaintiff was qualified for the position.

33. The Plaintiff was fired and discriminated on the basis of religious belief.

34. The Plaintiff's termination from employment by Defendant was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff

because of his religious beliefs while working for Defendant in violation of Florida Statute Section 760.

35. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

36. Any alleged nondiscriminatory reason for this treatment and termination of Plaintiff asserted by Defendant is a mere pretext for the actual reason for termination, his religious beliefs.

37. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status.

38. The aforementioned actions of Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religious beliefs.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration

7

for mental pain, anguish, pain and humiliation from being terminated due to his religios beliefs.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees (448.104) and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable as of right by a jury.

Respectfully Submitted,

**Remer & Georges-Pierre, P.A.**
New World Tower
100 N. Biscayne Blvd.
Suite 1003
Miami, FL 33132
Phone: (305) 416-5000
Fax:    (305) 416-5005

By: _____
Jason S. Remer, Esquire
Florida Bar Number: 0165580

EEOC Form 161 (3/98)  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Elton Barrios<br>14170 Sw 93 Lane<br>Miami, FL 33186 | From: | Miami District Office<br>2 South Biscayne Blvd<br>Suite 2700<br>Miami, FL 33131 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 15C-2002-00116 | Jim Colon,<br>State & Local Coordinator | (305) 536-4454 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Federico Costales,
District Director

APR 29 2004
(Date Mailed)

Enclosure(s)

cc: BEST BUY, INC.
c/o Kathleen K. Edmond, Esq.
7601 Penn Avenue South
Richfield, MN 55423

Ana M. Urrechaga, Esq.
Urrechaga Law Office, P.A.
8603 S. Dixie Highway, Ste. 209
Miami, Florida 33143

Enclosure with EEOC
Form 161 (3/98)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>within 90 days</u> of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than <u>2 years (3 years)</u> before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit <u>before 7/1/02</u> – not 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request <u>within 6 months</u> of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

ELTON BARRIOS

**DEFENDANTS**

CIV-MARTINEZ

BEST BUY CO., INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: MIAMI-DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Remer & Georges-Peirre, PA
New World Tower
100 N Biscayne Blvd. Suite 1003
Miami, FL 33132

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

Dade 1:04CV21769/JEM/Klein

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

TITLE VII - CIVIL RIGHTS ACT

DEFENDANT DISCRIMINATED AGAINST PLAINTIFF ON THE BASIS OF RELIGIOUS BELIEFS.

LENGTH OF TRIAL
via 3 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY
JUDGE _____ DOCKET NUMBER _____

DATE 7-14-04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

$150.00   404655

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

07/16/04